[Civ. No. 1899.  Second Appellate District.—April 19, 1917.]

M. G. DOOLITTLE, Respondent, v. SAVAGE TIRE COM-
PANY (a Corporation), Appellant.

CONTRACT—COMPENSATION FOR USE OF AUTOMOBILE—NEW ARRANGE-
MENT—INSUFFICIENT PROOF OF TERMINATION OF ORIGINAL CON-
TRACT.—In an action to recover compensation for the use of plain-
tiff's automobile in connection with his work as a salesman for
defendant, the original agreement to pay the reasonable value of
such use is not shown to have been terminated by the evidence of
the plaintiff of a new arrangement subsequently made concerning
the use of the machine, in the absence of anything in the record
disclosing the terms of such new arrangement.

ID.—EVIDENCE—BY-LAW OF CORPORATION—MANNER OF FIXING COM-
PENSATION OF EMPLOYEES.—In such an action a by-law of the de-
fendant corporation limiting the manner in which the compensation
of employees should be fixed, is inadmissible, where it is not shown
that plaintiff had notice or knowledge of such by-law at the time
the contract was made.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   J. W. Curtis, Judge presiding.

The facts are stated in the opinion of the court.

Gibson, Dunne & Crutcher, Titus & Davin, and Jas. A.
Gibson, Jr., for Appellant.

Earl Curtis Peck, for Respondent.

CONREY, P. J.—The judgment awarded to the plaintiff the
sum of one thousand dollars as compensation for the use of
an automobile pursuant to an alleged agreement between
plaintiff and defendant.   The defendant appeals from the
judgment.

The principal grounds upon which appellant claims a re-
versal are that the evidence is insufficient to sustain the fol-
lowing findings: (1) That the plaintiff used his automobile
in the business of the defendant pursuant to the agreement
sued on, from on or about the first day of July, 1913, to and
including the thirty-first day of August, 1914; (2) That the
reasonable value of the use of the automobile was the sum
of one thousand dollars.

The plaintiff was a salesman employed in selling tires for the defendant, and was the owner of an automobile. At a date not exactly established, but which was between the first and middle of August, 1913, the sales manager of the defendant made an oral agreement in its behalf with the plaintiff which, in substance, was that the plaintiff should use his automobile in connection with his work as a salesman, and that the defendant would pay the reasonable value of such use. The plaintiff did use his automobile exclusively in the business of the defendant from that time until about the end of August, 1914. There is evidence tending to establish the fact that this arrangement between the sales manager and the plaintiff was made known to and was approved by the president and general manager of the defendant. The evidence further shows that the reasonable value of the use of the automobile, if plaintiff paid for the gasoline used by him, was one hundred dollars per month; if the defendant paid for the gasoline, it was at least $75 per month. The plaintiff did pay for his own gasoline until March 1, 1914. Thereafter the gasoline expense was paid by the defendant.

Fairly construed, the brief for appellant concedes that the plaintiff is entitled to compensation under the contract sued on for the time from the middle of August, 1913, until March 1, 1914. This would justify the judgment at least to the extent of $650. Appellant contends, however, that the contract was terminated on March 1, 1914, and therefore that the recovery cannot include compensation for the use of the automobile after that date.

Evidence was received concerning an agreement said to have been made about March 1, 1914, between plaintiff and defendant, whereby the defendant purchased the plaintiff's automobile, and that thereafter it was used as the defendant's machine. But all of this evidence was afterward stricken from the record by consent of the parties. Notwithstanding such stipulation, appellant relies upon a general statement made by the plaintiff in his testimony that on March 1st a new arrangement was made concerning the use of this automobile, and argues therefrom that the contract made in August was thereby terminated. In our opinion such conclusion does not follow. As the record stands, we do not know what were the terms of the supposed new arrangement, and we cannot say that they were sufficient to put an end to

the existing contract. The fact that the plaintiff continued in the employ of the defendant as salesman, and continued to use his automobile in that business as he had used it before, with the single exception that from that time the defendant paid for the gasoline used, tends to support plaintiff's claim that he was continuing to use the automobile in that business under the agreement that he should be paid the reasonable value of such use. At the rate of $75 per month this would have amounted to $450. It follows that the evidence is sufficient to support the court's finding that the reasonable value of the use of the machine, for the entire period included in the findings amounted to one thousand dollars.

Appellant further complains that the court erred in excluding from the evidence a by-law of the defendant which limited the manner in which the compensation of employees should be fixed. This by-law stated that: "The compensation for all employees may be fixed by the executive committee or by the general manager, but no employment for a longer period than one month shall be valid unless agreed upon in writing and approved by the directors or the executive committee." We think that the by-law was properly excluded. The compensation of the plaintiff as an employee was his salary, about which there appears to have been no dispute. At least it is not involved in this case. The contract for the use of plaintiff's automobile stands on the same foundation as if it had been made with any automobile owner to obtain the use of such machine in the company's business. Appellant claims that the by-law was admissible for the additional reason that the plaintiff was a stockholder of the defendant corporation, and therefore bound to take notice of its by-laws. In fact, the evidence shows that the plaintiff was a stockholder of the defendant corporation at the time when this action was tried in the superior court, but not that he was such stockholder when the contract was made. Since the contract related to a matter connected with the ordinary course of business of the corporation, and was made by or with the consent of the general manager, and the corporation received the benefit of the contract thus made, it should not be permitted to take advantage of a limitation (if such there was) of the general manager's authority, without evidence that the plaintiff knew or had notice thereof.

The judgment is affirmed.

James, J., and Shaw, J., concurred.